UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>    Plaintiff,<br><br>    v.<br><br>ROTH, et al.,<br><br>    Defendants. | No. 2:18-cv-03164-CKD-P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). See 28 U.S.C. § 636(c).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.    Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

Plaintiff alleges that while confined at California State Prison-Sacramento ("CSP-Sac"), he was kept handcuffed in a holding cell for a period of 30 hours on February 26th and 27th, 2018 without food or water all while exposed to the rain and cold. ECF No. 1 at 3. Plaintiff alleges that defendants A.W. Meiers and Roth both refused to remove him from the holding cell. Id.

Plaintiff additionally alleges that on February 28, 2018 he was "body slammed" and beat in the legs, arms, head, neck and back by defendants J. Stigelmeyer, Sabala, R. Ehler, N. Kennedy, D. Tran, C. Hord, and R. Spark. ECF No. 1 at 4. As a result, plaintiff sustained a swollen jaw, busted lip, bloody elbow and eye, and bruised ribs, ankles, and knees. Id. By way of relief, plaintiff seeks compensatory and punitive damages as well as injunctive relief. Id. at 4-5.

**III. Analysis**

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable claims challenging plaintiff's conditions of confinement under the Eighth Amendment against defendants A.W. Meiers and Roth and an excessive force claim under the Eighth Amendment against defendants J. Stigelmeyer, Sabala, R. Ehler, N. Kennedy, D. Tran, C. Hord, and R. Spark.

In order to state a claim cognizable in a civil rights action, a plaintiff must connect the named defendants clearly with the claimed denial of his rights. Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury). The court cannot determine from the complaint what role, if any, defendant Valdez played in the alleged deprivation of plaintiff's rights. Accordingly, this defendant will be dismissed from the complaint with leave to amend.

**IV. Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. You may choose to file an amended complaint to try to fix these problems. You must decide if you want to (1) proceed immediately on your Eighth Amendment claims against

defendants A.W. Meiers, Roth, J. Stigelmeyer, Sabala, R. Ehler, N. Kennedy, D. Tran, C. Hord, and R. Spark and voluntarily dismiss defendant Valdez or (2) try to amend the complaint to state claims against defendant Valdez.  Once you decide, you must complete the attached Notice of Election form by checking only one of the appropriate boxes and return it to the court.  Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Defendant Valdez is dismissed from the complaint with leave to amend for failing to state a claim.

4. Plaintiff has the option to proceed immediately on the Eighth Amendment claims against defendants A.W. Meiers, Roth, J. Stigelmeyer, Sabala, R. Ehler, N. Kennedy, D. Tran, C. Hord, and R. Spark, or plaintiff may choose to amend the complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

Dated:  May 28, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gipb3164.1.option.docx

8 UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 CLARENCE A. GIPBSIN,

No. 2:18-cv-3164-CKD-P

11     Plaintiff,

12 v.

PLAINTIFF'S NOTICE OF ELECTION

13 ROTH, et al.,

14     Defendants.

15     Check **only one** option:

16 \_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth Amendment claims against defendants A.W. Meiers, Roth, J. Stigelmeyer, Sabala, R. Ehler, N. Kennedy, D. Tran, C.
17 Hord, and R. Spark; **or**,

18 \_\_\_\_\_ Plaintiff wants time to file a first amended complaint.

19
DATED:
20

21

22                                                _____
                                               Plaintiff