UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROTH, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-03164-CKD<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status on the grounds that the dismissals of at least three prior actions filed by plaintiff qualify as "strikes" against him pursuant to 28 U.S.C. § 1915(g). Plaintiff has filed a subsequent motion to proceed in forma pauperis ("IFP") which the court construes as an opposition to defendants' motion. ECF No. 44. For the reasons outlined below, the court recommends that defendants' motion be granted and that plaintiff's IFP status be revoked.

**I.　　Factual Background**

In his complaint filed on December 7, 2018, plaintiff alleges that while confined at California State Prison-Sacramento ("CSP-Sac"), he was kept handcuffed in a holding cell for a period of 30 hours on February 26th and 27th, 2018 without food or water all while exposed to the rain and cold. ECF No. 1 at 3. Defendants Meiers and Roth refused to remove plaintiff from

the holding cell. Id. Plaintiff further alleges that defendants Stigelmeyer, Sabala, Ehler, Kennedy, Tran, Hord, and Spark body slammed and beat him on February 28, 2018. ECF No. 1 at 4. The court granted plaintiff leave to proceed in forma pauperis ("IFP") on May 28, 2019 and gave plaintiff the option of proceeding on the conditions of confinement and Eighth Amendment claims against these defendants or of filing an amended complaint to fix the deficiencies with the remaining defendant. ECF No. 12. Plaintiff elected to proceed with the original complaint as screened and service was ordered on June 6, 2019. ECF Nos. 15, 16.

## II.     Defendants' Motion to Revoke In Forma Pauperis

On September 24, 2019, defendants filed a motion for an order revoking plaintiff's IFP status based on six prior actions or appeals that defendants assert were dismissed as frivolous, malicious, or failed to state a claim upon which relief could be granted. ECF No. 37. They request that the court take judicial notice of the PACER documents and court records from plaintiff's filings which are attached to the motion. ECF No. 37-2. Defendants further contend that plaintiff was not under imminent danger of serious physical injury at the time that he filed the complaint to warrant continuing plaintiff's IFP status under 28 U.S.C. § 1915(g). ECF No. 37.

In his opposition, plaintiff asserts that he has not suffered three prior strikes to justify revoking his IFP status because some of the prior actions involved habeas claims. ECF No. 44. Plaintiff generally argues that defendants are using the motion as a tactic to delay the proceedings. ECF No. 44. Plaintiff also contends that he was under imminent danger at the time of filing the complaint because he was injured as a result of defendants' conduct. Id.

By way of reply, defendants counter that plaintiff's opposition does not meet his burden of explaining why the six prior dismissals should not constitute strikes. ECF No. 45 at 2. Defendants also counter that plaintiff was not under imminent danger of serious physical injury at the time that he filed the complaint because the events at issue occurred in February 2018 and the complaint was not filed until December 2018. ECF No. 45 at 3. Plaintiff does not identify any ongoing threat that would constitute an imminent danger of serious physical injury more than nine months after the events in dispute occurred. ECF No. 45 at 3.

/////

### III. Legal Standards

28 U.S.C. § 1915(g) sets forth what is known as the "three strikes" rule. Under this rule, a prisoner who has previously brought three or more lawsuits in a court of the United States that were dismissed on the grounds that they were "frivolous, malicious, or fail to state a claim upon which relief may be granted" may not proceed in forma pauperis in the current litigation unless that prisoner "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In defining "frivolous," the Ninth Circuit Court of Appeal has concluded that a claim is frivolous when it lacks any "basis in law or fact" or is "of little weight or importance." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). A claim is "malicious" when it is "filed with the intention or desire to harm another." Id. Failing to state a claim has been interpreted to be equivalent to a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 893 (9th Cir. 2011) (citations omitted).

In moving to revoke the plaintiff's in forma pauperis status, the defendant bears the initial burden of producing evidence showing that at least three of plaintiff's previous actions have been dismissed by a federal court for one or more of the above reasons. Andrews v. King, 398 F.3d at 1121. If the defendant meets this showing, then the burden shifts to the plaintiff to prove that the dismissed actions do not qualify as "strikes" within the meaning of 28 U.S.C. § 1915(g). Andrews, 398 F.3d at 1121. A prisoner's IFP status should be revoked pursuant to 28 U.S.C. § 1915(g) "only when, after careful evaluation of the order dismissing [each] action, and other relevant information, the district court determines that [each] action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

/////
/////
////
/////
/////

3

**IV.    Analysis**

        **A.   District Court Actions[1]**

           1.   Gipbsin v. Runnels, et al., Case No. 1:02-cv-6190-OWW-DLB (PC) (E.D. Cal.)

In this civil rights action filed on or about September 27, 2002, plaintiff alleged that correctional officers at North Kern State Prison used excessive force against him on October 18, 1996.  ECF No. 37-2 at 22 (Findings and Recommendations April 12, 2004); ECF No. 37-2 at 28-29 (Order Adopting Findings and Recommendations).  Plaintiff also alleged that correctional officers at Corcoran State Prison used excessive force against him on January 5, 2000.  Id.

In ruling on defendants' motion to dismiss, the court concluded that the claim against the North Kern State Prison guards was barred by the relevant statute of limitations applicable to § 1983 actions.  ECF No. 37-2 at 23; ECF No. 37-2 at 29.  The court also concluded that the claims against the Corcoran State Prison guards were duplicative of the claims in Gibson v. Galaza, Case No. CV F 00-5381-AWI-YNP-P.[2]  ECF No. 37-2 at 23-25.  Plaintiff amended his complaint in Gipbsin v. Runnels to include the allegations against the Corcoran State Prison guards after a motion to dismiss was filed in Gibson v. Galaza.  ECF No. 37-2 at 24.  Based on these findings, the court dismissed the entire action in Gipbsin v. Runnels with prejudice on May 25, 2004.  ECF No. 37-2 at 28-29.

In Jones v. Bock, 549 U.S. 199, 215 (2007), the Supreme Court held that if the allegations are barred by the statute of limitations, the complaint is subject to dismissal for failure to state a claim.  Thus, the only remaining issue is whether the dismissal of the second claim in Gipbsin v. Runnels was for an enumerated reason under 28 U.S.C. § 1915(g).  After reviewing the record, the court finds that the dismissal of the second claim as duplicative counts as a strike in light of

---

[1] A court may take judicial notice of matters of public record, including publicly accessible court dockets and documents available through the Public Access to Court Electronic Records ("PACER") system.  See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002) (stating that "we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue[.]") (internal quotation omitted).

[2] Although plaintiff's last name is spelled differently, the CDCR number matches that of Clarence A. Gipbsin, H-39349.

the fact that the allegations were added by plaintiff only after a motion to dismiss was filed in Gibson v. Galaza. See, e.g., Turner v. Gibson, No. l:13–cv–1612 LJO GSA PC, 2013 WL 5587391, *1 (E.D. Cal. Oct.10, 2013), citing Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995). This supports the finding that the filing of the duplicative action was frivolous and was not simply done in oversight or in error. Compare Chappell v. Pliler, No. S–04–1183 LKK DAD P, 2006 WL 3780914, *3 (E.D. Cal. Dec. 21, 2006) (stating that "[a] pleading filed in error and dismissed as duplicative cannot be counted as a strike."). Accordingly, the court finds that the entire action in Gipbsin v. Runnels was dismissed for an enumerated reason under § 1915(g) so as to count as a strike.

        2.   Gipbsin v. McCumber, et al., Case No. 2:16-cv-2053-MCE-CKD (E.D. Cal.)

In this case, plaintiff filed a Section 1983 action challenging the cancellation of his youthful offender parole hearing scheduled for October 7, 2014 and the denial of parole on March 25, 2015 on due process grounds. See ECF No. 14 in Case No. 2:16-cv-2053-MCE-CKD (E.D. Cal.). He requested declaratory, compensatory, and injunctive relief. Id. In Findings and Recommendations issued on June 1, 2017, the court found plaintiff's claims to be barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), as they would lead to his entitlement to an earlier or speedier release. ECF No. 37-2 at 41. The court adopted these Findings and Recommendations on August 31, 2017 and dismissed plaintiff's complaint with prejudice. ECF No. 37-2.

The Ninth Circuit Court of Appeal has held that "a dismissal may constitute a PLRA strike for failure to state a claim when Heck's bar to relief is obvious from the face of the complaint and the entirety of the complaint is dismissed for a qualifying reason under the PLRA." Washington v. Los Angeles County Sheriff's Dept., 833 F.3d 1048 (9th Cir. 2016). However, "would-be habeas petitions" do not count as strikes. Washington, 833 F.3d at 1057; see also Andrews v. King, 398 F.3d at 1122 (finding that dismissal of a habeas petition does not generally count as a strike for purposes of § 1915(g)); El-Shaddai v. Zamora, 833 F.3d 1036, 1046-47 (9th Cir. 2016) (concluding that an action did not constitute a strike because its claims were "in essence, habeas claims."). In reviewing the particular district court action at issue, the Ninth Circuit emphasized that "[a]lthough one portion of Washington's action might have been

5

1  dismissed for failure to comply with Heck, the remainder sounds only in habeas…. As a result,
2  Washington has not accrued a strike for the dismissal of his first suit… because the entire action
3  was not dismissed for one of the qualifying reasons enumerated by the [Prison Litigation Reform]
4  Act." Washington, 833 F.3d at 1057.

5  The due process claims raised in plaintiff's amended complaint sounded in habeas as he
6  was requesting injunctive relief in the form of a new parole hearing. See Preiser v. Rodriguez,
7  411 U.S. 475, 500 (1973) (stating that when a prisoner challenges the legality of his custody and
8  the relief he seeks would entitle him to an earlier or immediate release, his exclusive federal
9  remedy is a petition for writ of habeas corpus). Plaintiff's Heck barred claims for monetary
10 damages were intertwined with his claims challenging the denial of parole. As a result,
11 defendants have not met their burden of demonstrating that this case is a strike. See ECF No. 37-
12 1 at 4-5 (containing no analysis concerning plaintiff's actual claims presented in the amended
13 complaint). Accordingly, the court declines to find that this action constitutes a strike.

14  3.  Gipbsin v. Campos, et al., Case No. 2:18-cv-1025-VAP-RAO (C.D. Cal.)

15 In this civil action, plaintiff raised numerous claims against police detectives, prosecuting
16 attorneys, and judges involved in his 1991 murder conviction from Los Angeles County. See
17 ECF No 37-2 at 55-78 (complaint). ECF No. 1 in Case No. 2:18-cv-1025-VAP-RAO (C.D. Cal.).
18 In his request for relief, plaintiff sought declaratory, injunctive, compensatory, and punitive
19 damages against the defendants for his wrongful incarceration. ECF No. 37-2 at 65-66.

20 In the order denying plaintiff IFP status, the district court checked the box indicating that
21 the complaint was "frivolous, malicious, or fails to state a claim upon which relief may be
22 granted" and that "leave to amend would be futile." ECF No. 37-2 at 53. However, the district
23 court did not check the box notifying plaintiff that "[t]his denial may constitute a strike under the
24 "Three Strikes" provision governing the filing of prisoner suits" or that the complaint "[s]eeks
25 monetary relief from a defendant immune from such relief." ECF No. 37-2 at 53 (citation
26 omitted). In its two-page order accompanying the denial of IFP form, the court explained that
27 "[p]laintiff fails to state a claim upon which relief may be granted." ECF No. 37-2 at 54. The
28 district court further concluded that several named defendants were entitled to immunity and that

1  the claims "relating to misconduct in his criminal prosecution and sentencing are barred by <u>Heck</u>
2  <u>v. Humphrey</u>, 512 U.S. 477 (1994)." ECF No. 37-2 at 54-55.  For all these reasons, the district
3  court dismissed plaintiff's complaint without leave to amend and denied him IFP status on
4  February 14, 2018.  ECF No. 37-2 at 53-55.

5        A district court's denial of IFP status may constitute a strike when such status is denied
6  because the claims in the complaint are "'frivolous, malicious, or fails to state a claim upon which
7  relief may be granted.'" <u>O'Neal v. Price</u>, 531 F.3d 1146, 1153 (9th Cir. 2008) (quoting 28 U.S.C.
8  § 1915(g) ).  In this case, as in <u>Gipbsin v. McCumber</u>, the court must determine whether
9  plaintiff's civil rights claims are intertwined with any claims that sound in habeas.  See
10  <u>Washington</u>, 833 F.3d at 1057.  Plaintiff's requests for declaratory and injunctive relief were
11  focused on invalidating his criminal conviction and sentence.  ECF No. 37-2 at 65-66.  In this
12  vein, the claims for damages were intertwined with relief that is only available via a habeas
13  corpus petition.  See <u>Preiser</u>, 411 U.S. 475, 500.  This finding is further supported by the Central
14  District Court's form order in which plaintiff was not notified that the court's denial could
15  constitute a strike.  ECF No. 37-2 at 53.  Since the Ninth Circuit decision in <u>Washington</u> preceded
16  the Central District Court's order, this court is not persuaded that it should be counted as a strike.
17  Therefore, the court concludes that defendants have not met their burden of demonstrating that
18  this action counts as a strike under § 1915(g).

19        **B.  Appeals**
20        1.  <u>Gipbsin v. Campos, et al.</u>, Appeal No. 18-55307 (9th Cir.)
21  Plaintiff filed a notice of appeal of the Central District Court's decision in <u>Gipbsin v.</u>
22  <u>Campos</u>, et al., Case No. 2:18-cv-1025-VAP-RAO.  See ECF No. 37-2 at 50 (district court docket
23  sheet), 88-90 (Ninth Circuit docket sheet).  The Ninth Circuit Court of Appeal reviewed this
24  appeal based on a pre-filing review order that had been entered against plaintiff on June 16, 2008.
25  See ECF No. 37-2 at 104-107.  The pre-filing review order remained in effect until further order
26  of the Ninth Circuit and required initial screening of any subsequent appeal filed by plaintiff
27  unless he was represented by counsel or the district court "expressly certified in its order that the
28  appeal or petition is not frivolous."  ECF No. 37-2 at 106.  The Ninth Circuit dismissed plaintiff's

1   appeal on May 21, 2018 because it was "so insubstantial as to not warrant further review." ECF
2   No. 37-2 at 95.

3       In light of the absence of a finding by the district court that this appeal was not frivolous
4   as well as the Ninth Circuit's conclusion that it was not substantial enough to warrant further
5   review, this court finds that it constitutes a strike under § 1915(g) as a frivolous appeal. See
6   Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (defining "frivolous" as "of little weight or
7   importance"). While, at first blush, this finding appears incongruent with the conclusion that the
8   underlying district court action did not constitute a strike, the appellate court never reached the
9   underlying nature of the causes of action. This appeal was dismissed based on a determination
10  that was wholly separate and apart from the types of claims presented in the § 1983 complaint.
11  Accordingly, the defendants have met their burden of demonstrating that this appeal constitutes a
12  strike within the meaning of § 1915(g).

13      2.  Gibson v. Shelton, et al., Appeal No. 07-15148 (9th Cir.)[3]

14      In this appeal, plaintiff was ordered to pay the filing fees after the district court
15  determined that the appeal was not taken in good faith. See ECF No. 37-2 at 117 (district court
16  finding), 112 (Ninth Circuit docket sheet). Plaintiff failed to pay the filing fees and the appeal
17  was dismissed on June 26, 2007. ECF No. 37-2 at 115.

18      3.  Gibson v. Terhune, et al., Appeal No. 07-15683 (9th Cir.)[4]

19      On July 23, 2007, the district court made a determination that this appeal was not taken in
20  good faith. ECF No. 37-2 at 129. As a result, the Ninth Circuit Court of Appeal determined that

---

[3] While the Ninth Circuit Court of Appeal docket sheet identifies appellant as Clarence A. Gipbsin with CDCR Number H-39349, the court orders involving this case refer to him as Clarence A. Gibson. Compare ECF No. 37-2 at 109 with ECF No. 37-2 at 115-118. Based on the identifying CDCR number, the court finds that defendants have met their burden of proof in demonstrating that this appeal was filed by plaintiff.

[4] Likewise, in this appeal, the Ninth Circuit Court of Appeal docket sheet identifies appellant as Clarence A. Gipbsin with CDCR Number H-39349. ECF No. 37-2 at 120. However, the court orders involving this case refer to him as Clarence A. Gibson. Compare ECF No. 37-2 at 126, 129. Based on the identifying CDCR number, the court finds that defendants have met their burden of proof in demonstrating that this appeal was also filed by plaintiff.

plaintiff was not permitted to proceed IFP on appeal and ordered him to pay the filing fees within 21 days of its order of September 14, 2007. ECF No. 37-2 at 123 (Ninth Circuit docket sheet). Plaintiff failed to pay the filing fees and this appeal was dismissed on October 31, 2007 for failure to prosecute. ECF No. 37-2 at 126.

Dismissed appeals that rely on district court findings that the appeal was not taken in good faith are the equivalent of a finding of frivolity and therefore count as a strike under § 1915(g). Knapp v. Hogan, 738 F.3d 1106, 1110) (9th Cir. 2013). Furthermore, an appeal may count as a strike pursuant to Section 1915(g) when the appellate court denies a prisoner IFP status on appeal on grounds of frivolousness "even though [the appellate court] did not dismiss the appeal until later when the [appellant] did not pay the filing fee." Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). Defendants have met their burden of establishing that Appeal Numbers 07-15148 and 07-15683 were dismissed based on the underlying district court determination that the appeals were not taken in good faith. Therefore, pursuant to Knapp, these appeals count as strikes. See Andrews I, 398 F.3d at 1120.

To summarize, this court has found that plaintiff filed four civil actions or appeals that constitute strikes under 28 U.S.C. § 1915(g). Therefore, plaintiff's IFP status should be revoked unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**C. Imminent Danger of Serious Physical Injury**

To meet this exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007) ("Andrews II"). Plaintiff's allegation of a serious physical injury is based on the injuries that he received in February 2018 from defendants' conduct. However, this allegation does not focus on the relevant time period when plaintiff's complaint was actually filed, i.e., December 2018. In sum, plaintiff's medical condition in February 2018 does not provide any legal basis for this court to find that he was under imminent danger in December 2018.

In light of plaintiff's pro se status, the court has reviewed the entire record for allegations of imminent danger during the relevant time period, and finds none. While plaintiff was still

housed at CSP-Sac at the time that he filed the complaint, there are no allegations, either then or in opposition to the present motion, that establish that plaintiff was under an ongoing threat of harm that would meet the statutory exception. According to the allegations in the complaint, the impetus for placing plaintiff in a holding cell on February 26, 2018 was based on plaintiff's report that his cell mate was poisoning his food. ECF No. 1 at 3, 5. Plaintiff does not allege that he was continuously housed with that same cellmate while at CSP-Sac. Accordingly, there is no evidence in the record that demonstrates that plaintiff meets the imminent danger exception of 28 U.S.C. § 1915(g) to be allowed to continue in forma pauperis.

### V. Plaintiff's Additional Motions

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. The court will deny his motions for the appointment of counsel without prejudice.

Plaintiff has also filed motions to either stay or continue his case until such time as he is released from incarceration. ECF Nos. 43, 50. In support thereof, plaintiff references a resentencing hearing in his state criminal case that he requested. ECF No. 50 at 8. However,

plaintiff does not provide any expected release date from custody other than in "the near future." ECF No. 50 at 2. An indefinite stay of these proceedings is not authorized and the court will deny plaintiff's motion.

Plaintiff further requests a continuance of the pending motion to revoke his IFP status until discovery can be had pertaining to the allegations in the complaint. ECF No. 43. Plaintiff does not demonstrate how discovery on the merits of his claims would impact the pending motion pertaining to his IFP status. Plaintiff does not allege that he has been prevented from presenting material or other documents that are pertinent to the pending motion. Indeed, the record demonstrates that plaintiff has submitted numerous exhibits in opposition to the motion to revoke his IFP status. See ECF Nos. 41, 42, 53, 54. Accordingly, the court will deny the motion for a continuance. ECF Nos. 43, 50.

**VI.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing all the documents submitted, the magistrate judge concluded that four of your prior civil actions or appeals constitute "strikes" under 28 U.S.C. § 1915(g). The magistrate judge also determined that you were not under an imminent threat of serious physical injury at the time that you filed the complaint in this case. Based on these findings, the magistrate judge recommends revoking your in forma pauperis status and requiring you to pay the remaining filing fees to continue with this case.

If you disagree with this recommendation, you have twenty-one days to explain why it is the wrong result. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review any objections filed and make the final decision in your case.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign this matter to a district court judge.
2. Defendants' Request for Judicial Notice (ECF No. 37-2) is granted.
3. Plaintiff's motions for the appointment of counsel (ECF Nos. 44, 50, 55, 56) are

denied without prejudice.

4. Plaintiff's motions to stay and/or continue this case until his release from incarceration (ECF Nos. 43, 50) are denied.

IT IS FURTHER RECOMMENDED that:

1. Defendants' Motion for an Order Revoking Plaintiff's In Forma Pauperis Status (ECF No. 37) be granted.

2. Plaintiff's IFP status be revoked.

3. The order directing the CDCR to collect the filing fee in monthly installments (ECF No. 13) be vacated.

4. Plaintiff be required to furnish the remaining balance of the statutory filing fee of $350 in order to proceed with this action.

5. Plaintiff be admonished that the failure to pay the remaining filing fee within thirty days of any order adopting this recommendation will result in dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 29, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gipb3164.mtd.3strikes.CJRA.docx