UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>  Plaintiff,<br><br>  v.<br><br>ROTH, et al.,<br><br>  Defendants. | No. 2:18-cv-03164-TLN-CKD<br><br>**ORDER** |

Plaintiff Clarence A. Gipbsin ("Plaintiff"), a state prisoner proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 30, 2020, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within 21 days. (ECF No. 59.) Plaintiff has filed objections to the findings and recommendations as well as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure ("Rule") 60 and two motions to appoint counsel. (ECF Nos. 61–62, 66–67, 73.)

The Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see*

1

1   *also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).  As to any portion of the proposed
2   findings of fact to which no objection has been made, the Court assumes its correctness and
3   decides the motions on the applicable law.  *See Orand v. United States*, 602 F.2d 207, 208 (9th
4   Cir. 1979).  The magistrate judge's conclusions of law are reviewed *de novo*.  *See Britt v. Simi*
5   *Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

6       Having carefully reviewed the entire file under the applicable legal standards, the Court
7   finds the Findings and Recommendations to be supported by the record and by the magistrate
8   judge's analysis.

9       The Court finds Plaintiff's Rule 60 motion is premature.  Rule 60(b) provides that "the
10  court may relieve a party or its legal representative from a final judgment, order, or proceeding"
11  based on enumerated reasons.  However, the July 30, 2020 Order and Findings and
12  Recommendations issued by the magistrate judge was not a final judgment in this case.  (*See* ECF
13  No. 59.)  Accordingly, Plaintiff's Motion for Relief from Judgment is DENIED as premature.
14  (ECF No. 66.)

15      Plaintiff's motions to appoint counsel are without merit.  The Court notes Plaintiff has
16  filed six other motions to appoint counsel, all of which have been denied by the magistrate judge
17  after a careful review of the factors set forth in *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir.
18  2009).[1]  (*See* ECF Nos. 6, 8, 44, 50, 55, 56 (prior motions); *see also* ECF Nos. 9, 10, 59 (orders
19  denying motions).)  After having considered the *Palmer* factors with respect to Plaintiff's latest
20  two motions — which are strikingly similar to the prior motions that have been denied — the
21  Court finds Plaintiff again fails to demonstrate exceptional circumstances warranting the
22  appointment of counsel.  *Palmer*, 560 F.3d at 970; *see also, e.g., Wood v. Housewright*, 900 F.2d
23  1332, 1335–36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained he
24  had limited access to law library and lacked legal education); *Bashor v. Risley*, 730 F.2d 1228,

---

[1] In certain "exceptional circumstances," a court may appoint an attorney to represent a *pro se* plaintiff.  *See* 28 U.S.C.  1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether "exceptional circumstances" exist requires consideration of the plaintiff's "likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Palmer*, 560 F.3d at 970.

1234 (9th Cir. 1984) (upholding district court's denial of appointment of counsel to indigent litigant who had no background in practice of law, yet who had thoroughly presented issues in pleading).  For these reasons, Plaintiff's motions to appoint counsel are DENIED.  (ECF Nos. 67, 73.)

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed July 30, 2020 (ECF No. 59), are adopted in full;

2. Defendants' Motion for an Order Revoking Plaintiff's *In Forma Pauperis* Status (ECF No. 37) is GRANTED;

3. Plaintiff's IFP status is hereby REVOKED;

4. The Order directing the California Department of Corrections and Rehabilitation ("CDCR") to collect the filing fee in monthly installments (ECF No. 13) is hereby VACATED;

5. Plaintiff is required to furnish the remaining balance of the statutory filing fee of $350 in order to proceed with this action;

6. Plaintiff is admonished that failure to pay the remaining filing fee within 30 days of the date of electronic filing of this Order will result in dismissal of this action;

7. The Clerk of Court is directed to serve a copy of this Order on the Finance Unit of the Court as well as the Director of CDCR;

8. Plaintiff's Motion for Relief from Judgment (ECF No. 66) is DENIED without prejudice as prematurely filed; and

9. Plaintiff's motions for the appointment of counsel (ECF Nos. 67, 73) are DENIED without prejudice.

IT IS SO ORDERED.

DATED: October 21, 2020

Troy L. Nunley
United States District Judge