1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   CLARENCE A. GIPBSIN,                    No. 2:18-cv-03164-TLN-CKD

12                  Plaintiff,

13        v.                                 **ORDER**

14   ROTH, et al.,

15                  Defendants.

16

17        This matter is before the Court pursuant to Plaintiff Clarence A. Gipbsin's ("Plaintiff")

18   Motion for Relief from Judgment, in which Plaintiff seeks reconsideration of the Court's October

19   22, 2020 Order (ECF No. 77) denying Plaintiff's Motions for Appointment of Counsel (ECF Nos.

20   67, 73) and granting Defendants R. Ehler, C. Hord, N. Kennedy, A.W. Meiers, Roth, Sabala, R.

21   Spark, J. Stigelmeyer, and D. Tran's (collectively, "Defendants") Motion for an Order Revoking

22   Plaintiff's *In Forma Pauperis* Status (ECF No. 37).  (ECF No. 78.)  Defendants filed an

23   Opposition.  (ECF No. 83.)  For the reasons set forth below, Plaintiff's Motion is DENIED.

24   ///

25   ///

26   ///

27   ///

28   ///

                                          1

1    **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2        Plaintiff, a California state prisoner proceeding *pro se*, initiated this civil rights action

3    pursuant to 28 U.S.C. § 1983 on December 7, 2018.  (ECF No. 1.)  On May 28, 2019, the

4    magistrate judge granted Plaintiff's motion to proceed *in forma pauperis* ("IFP") and screened

5    Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.  (ECF No. 12.)  The magistrate judge

6    determined Plaintiff stated potentially cognizable Eighth Amendment claims against Defendants

7    and gave Plaintiff the option to either proceed on the viable claims in his Complaint or file an

8    amended complaint to cure the identified deficiencies with respect to the remaining allegations.

9    (*Id.*)  After Plaintiff declined to file an amended complaint, the original Complaint was deemed

10   the operative complaint.  (*See* ECF No. 16.)

11       On September 24, 2019, Defendants filed a Motion for Order Revoking Plaintiff's IFP

12   Status.  (ECF No. 37.)  During briefing of Defendants' Motion, Plaintiff additionally filed four

13   separate Motions for Appointment of Counsel.  (ECF Nos. 44, 50, 55, 56.)  On July 30, 2020, the

14   magistrate judge filed an Order and Findings and Recommendations denying Plaintiff's Motions

15   for Appointment of Counsel and recommending the Court grant Defendants' Motion to Revoke

16   Plaintiff's IFP Status.  (ECF No. 59.)  Plaintiff filed two sets of Objections to the Findings and

17   Recommendations (ECF Nos. 61–62), as well as two Requests for the Appointment of Counsel

18   (ECF Nos. 67, 73), a Motion for Relief from Judgment (ECF No. 66), and a Notice of

19   Interlocutory Appeal to appeal the magistrate judge's Findings and Recommendations[1] (ECF No.

20   63).  Defendants filed a Response to Plaintiff's Objections and opposed his Motion for Relief

21   from Judgment.  (ECF Nos. 65, 71.)

22       On October 22, 2020, the Court adopted the Findings and Recommendations in full,

23   granted Defendants' Motion to Revoke Plaintiff's IFP Status, denied Plaintiff's pending Motions

24   for Appointment of Counsel, and denied Plaintiff's Motion for Relief from Judgment as

25   premature.  (ECF No. 77.)

26   ///

27

28   [1]      The Ninth Circuit dismissed Plaintiff's appeal on September 18, 2020, for lack of
     jurisdiction.  (*See* ECF No. 75.)

2

On October 30, 2020, Plaintiff filed the instant Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 60(b).  (ECF No. 78.)  Defendants have opposed the Motion.  (ECF No. 83.)

## II.    STANDARD OF LAW

Under Rule 60(b), the Court may relieve Plaintiff from a final judgment, order, or proceeding "for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

A motion based on Rule 60(b) must be made "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  With respect to subsections (1), (2), and (3), the motion must be filed "no more than a year after the entry of judgment or order or the date of the proceeding."  *Id.*  Rule 60(b)(6) goes further, empowering the court to reopen a judgment even after one year has passed.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).  However, subsections (1), (2), and (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6).  *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n.11 (1988)).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*, 571 F.3d 873, 880 (9th Cir. 2009).  Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Id.* (emphasis in original).

3

Additionally, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

### III.   ANALYSIS

Plaintiff does not provide any facts or argument to satisfy any of the provisions of Rule 60(b). In a one-page motion, Plaintiff seeks to renew his prior Motion for Reconsideration and Motions for the Appointment of Counsel. (ECF No. 78.) He also requests that the Court rule on the merits of his case without addressing the basis for the Court's decision to revoke his IFP status. (*Id.*) Most significantly, Plaintiff does not present any newly discovered evidence or other basis under Rule 60(b) upon which this Court can set aside its October 22, 2020 Order. *Marlyn*, 571 F.3d at 880. As such, Plaintiff also fails to meet the requirements set forth under Local Rule 230. E.D. Cal. L.R. 230(j)(3)–(4).

Furthermore, the Court finds that, after a *de novo* review of this case, Defendants' Motion was properly granted because Plaintiff filed four civil actions or appeals that constitute "strikes" under 28 U.S.C. § 1915(g).[2] 28 U.S.C. § 1915(g). Plaintiff's seventh and eighth Motions for the Appointment of Counsel (ECF Nos. 67, 73) were also properly denied based on the Court's consideration of the *Palmer* factors,[3] which Plaintiff has not disputed. (*See* ECF No. 77 at 2–3.) For these reasons, Plaintiff's Motion for Relief from Judgment is without merit.

///

---

[2]     Under 28 U.S.C. § 1915(g), a prisoner who has previously brought three or more lawsuits in a court of the United States that were dismissed on the grounds that they were "frivolous, malicious, or fail to state a claim upon which relief may be granted" may not proceed *in forma pauperis* in the current litigation. 28 U.S.C. § 1915(g).

[3]     In certain "exceptional circumstances," a court may appoint an attorney to represent a *pro se* plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether "exception circumstances" exist requires consideration of the plaintiff's "likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

4

**IV.    CONCLUSION**

For the reasons discussed herein, Plaintiff's Motion for Relief from Judgment (ECF No. 78) is hereby DENIED.

IT IS SO ORDERED.

DATED:  December 17, 2020

_____
Troy L. Nunley
United States District Judge

5