UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>Plaintiff,<br><br>v.<br><br>CAPTAIN ROTH, et al.,<br><br>Defendants. | No. 2:18-cv-03164-TLN-CKD<br><br><br>**ORDER** |

Plaintiff Clarence A. Gipbsin ("Plaintiff"), a state prisoner proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 22, 2020, the Court issued an Order revoking Plaintiff's *in forma pauperis* ("IFP") status and Plaintiff was ordered to pay the remaining balance of the statutory filing fee within 30 days. (ECF No. 77.) Plaintiff was cautioned that failure to do so would result in dismissal of this action. (*Id.*) The 30-day period has now expired, and Plaintiff has not paid the filing fee to be able to proceed with this action.

Instead, on January 4, 2021, Plaintiff filed a Motion for Reconsideration seeking reinstatement of his IFP status. (ECF No. 89.) This is Plaintiff's second reconsideration motion relating to his IFP status, the first having been carefully considered and denied by this Court on

1  December 18, 2020.  (*See* ECF No. 87.)  Notably, Plaintiff fails to identify any mistake, newly
2  discovered evidence, change in law, fraud by an opposing party, clear error, or other circumstance
3  warranting reconsideration of the Court's prior ruling.  Fed. R. Civ. P. 60(b); E.D. Cal. L.R.
4  230(j); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*, 571 F.3d 873, 880
5  (9th Cir. 2009).

6        Regardless, Plaintiff again fails to address the magistrate judge's finding that Plaintiff is a
7  "three-strikes litigant" under 28 U.S.C. § 1915(g) (*see* ECF No. 59), and instead discusses other
8  reasons that his IFP status should be reinstated.  (*See generally* ECF No. 89.)  Yet the matter of
9  whether Plaintiff failed to receive a $1200 stimulus check, is unemployed, or otherwise
10 financially incapable of paying his filing fees for this action (*see id.* at 2–3) is irrelevant to the
11 revocation of IFP status based on a determination that the filer is a three-strikes litigant.  *See*
12 *Andrews v. Cervantes*, 493 F.3d 1047, 1049 (9th Cir. 2007) ("Since the 1996 passage of the
13 Prison Litigation Reform Act ("PLRA"), an inmate . . . who has filed numerous unsuccessful
14 lawsuits can become ineligible to file additional lawsuits in federal court without paying the
15 ordinary $350 fee upon filing, *even if the inmate is indigent*.") (emphasis added).  Plaintiff's
16 assertion that he qualifies for the "imminent danger exception" based on "the risk of future
17 injury" (*see* ECF No. 89 at 3) is also unsupported by law.  *See Andrews*, 493 F.3d at 1052–53
18 (imminent danger exception only applies where the plaintiff has alleged facts showing he was
19 under imminent danger of serious physical injury at the time of filing the complaint).  For each of
20 these reasons, Plaintiff's second Motion for Reconsideration must be denied.  (ECF No. 89.)

21       Accordingly, IT IS HEREBY ORDERED that:
22       1. Plaintiff's Motion for Reconsideration (ECF No. 89) is DENIED;
23       2. This action is DISMISSED without prejudice for Plaintiff's failure to pay the filing fee
24 in full following the revocation of his *in forma pauperis* status; and
25       3. The Clerk of Court is directed to enter Judgment and close this case.
26       IT IS SO ORDERED.
27 DATED: January 13, 2021

                Troy L. Nunley
                United States District Judge